Orville L. **CHAMBLESS**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

No. A–12361.

Criminal Court of Appeals of Oklahoma.

Nov. 28, 1956.

David Tant, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, Orville L. Chambless, was charged by an information filed in the Superior Court of Comanche County with the crime of robbery with firearms, was tried, convicted and pursuant to the verdict of the jury was sentenced to serve a term of 5 years imprisonment in the penitentiary.

The Attorney General has called our attention to the fact that the defendant has allegedly disappeared from his home and that his whereabouts are unknown and that officers of the State of Oklahoma have been looking for him and have been unable to locate him and that his appeal should be dismissed. A sufficient showing has not been made to justify the dismissal of the appeal. However, the judgment must be affirmed.

A. H. Potts and A. D. DeLozier testified that on the 19th day of October, 1954, they were transporting 50 cases of whiskey through Comanche County on their way to Oklahoma City when the defendant and three other men shot down one of the tires on their automobile and forced them to stop; that defendant and others also fired some shots through the automobile, one of them striking the rear of the automobile and going completely through the car. They took the whiskey from the Potts automobile and then gave Potts $100 to pay for fixing his car. Potts testified that he had known Chambless for two or three years and recognized him as being the ringleader in the robbery. DeLozier also positively identified Chambless as being one of the participants in the robbery.

The defense was an alibi. Defendant did not testify, but his wife, his mother-in-law and some other relatives claimed that defendant was in his home in a card game on the night of the alleged robbery and that he could not have participated in the robbery.

The single proposition presented by the appeal is the allegation that the county attorney committed error in his cross-examination of the witness, Mrs. Stella Massey, by asking questions which disclosed a purpose on his part to degrade and intimidate the witness and to cause the jury to be prejudiced accordingly against the accused. The cross-examination complained of consisted of questions addressed to the witness about what names she had gone by in previous years. Evidently the county attorney thought that the witness was a former wife of Chambless because after he had asked her a question or two about names she had formerly gone by, she said, "I don't know what you are trying to get at. I have never used Chambless. That was a newspaper story, but I think that was proven in court before that it was an untruth." We have considered this cross-examination along with all the other evidence shown in the record and have come to the conclusion that the de-

fendant was not prejudiced by reason of this cross-examination. The jury was lenient with the accused and only gave the minimum sentence.

Affirmed.

BRETT and POWELL, JJ., concur.